UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES JUDSON HOLBROOK, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>JEFFREY WOODS, Warden, )<br>)<br>Respondent. ) | No. 1:16-cv-3225-LJM-MJD |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

This unauthorized second or successive action for habeas corpus relief pursuant to 28 U.S.C. § 2254(a) is **dismissed for lack of jurisdiction** for the same reasons as compelled the similar dispositions in No. 1:16-cv-1340-SEB-TAB and in No. 1:16-cv-925-SEB-DML. In short, petitioner Charles Holbrook was convicted on June 1, 2010 of sex offenses in the Kent (Michigan) Circuit Court in No. 09-008856-FH, his convictions were affirmed in *People v. Holbrook*, 2011 WL 5064266 (Mich.Ct.App. Oct. 25, 2011), and his federal habeas petition was denied as untimely in *Holbrook v. Bauman*, No. 2:15-CV-131, 2016 WL 80215 (W.D.Mich. Jan. 6, 2016). An appeal from the denial of federal habeas corpus relief is pending in the Sixth Circuit as No. 16-2648. A motion for leave to file a second or successive habeas petition is likewise pending in the Sixth Circuit as No. 16-2387.

The habeas petition in No. 2:15-CV-131 was denied and the action was dismissed with prejudice. This was a disposition on the merits. *See Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005)("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [28 U.S.C. § 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

A "prisoner is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding." *Pavlovsky v. VanNatta,* 431 F.3d 1063, 1064 (7th Cir. 2005). When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). Thus, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged. *See Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001).

Under § 2244(b)(3), this Court has no jurisdiction to hear a second or successive habeas petition without authorization from the Seventh Circuit Court of Appeals. *Burton v. Stewart,* 549 U.S. 147, 152–53 (2007). This statute "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court," *Felker v. Turpin,* 518 U.S. 651, 657 (1996), and "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999).

The petitioner is amply aware of the jurisdictional barrier created by § 2244(b), but has neither shown nor alleged that the requisite authorization has been issued. With *Holbrook v. Bauman*, No. 2:15-CV-131, having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, the Court lacks jurisdiction to consider the petition for writ of habeas corpus.

With jurisdiction lacking, the Court has no choice but to note that fact and dismiss the action. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

Holbrook's petition for writ of habeas corpus is **denied.** The action will be dismissed for lack of jurisdiction, and judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Holbrook has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:  12/29/2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles Holbrook   767925
BARRAGA CORRECTIONAL FACILITY
13924 Wadaga Rd.
Baraga, MI 49908-9204